**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07cr91(7) |
| | § | |
| ELISA SOTELO MACIAS | § | |

**REPORT AND RECOMMENDATIONS REGARDING**
**<u>DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA</u>**

This matter having been referred by the Honorable Michael H. Schneider, on November 19, 2007, the Court held a hearing on the Defendant's Motion to Withdraw Plea of Guilty (Dkt. 177).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted her innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing her withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and reviewing the record before it, the Court finds that none of the *Carr* factors weigh in Defendant's favor.

As the hearing, Defendant argued that she did not understand the plea agreement or the charges against her in the indictment, implying that her guilty plea was not knowingly or voluntarily made. However, when asked to expound on this assertion, Defendant was unable to explain further. Defendant has not offered any testimony or evidence to indicate why she now contends she did not

fully understand the terms and conditions of her plea agreement. Therefore, Defendant has not shown that the original plea was not knowingly and voluntarily entered into, as required by *Carr*.

The remaining *Carr* factors also weigh against Defendant. Defendant has never made an assertion of innocence in conjunction with the plea withdrawal proceedings. Further, the Court finds that the government would suffer prejudice if this motion to withdraw were granted. The Court also finds that Defendant has delayed – without substantial explanation – in seeking to withdraw her plea, which was made almost three months prior to her seeking to withdraw it. Additionally, there is nothing to indicate that Defendant has not had close and effective assistance of counsel throughout the pendency of this suit. A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources.

This Court warned Defendant of the consequences of pleading guilty at the plea hearing. Indeed, the transcript indicates that Defendant stated at the hearing that she read and understood the plea agreement and was voluntarily entering into it. "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). There is simply no basis under *Carr* to justify a withdrawal.

Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw her plea of guilty in this case, and her motion should be denied.

**RECOMMENDATION**

The Court recommends that the District Court **DENY** Defendant's Motion to Withdraw Plea of Guilty (Dkt. 177).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of November, 2007.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE